# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TINA HARDEN and CHAMILLE BAGBY, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 19 cv 1353 |
| v. | ) ) | |
| THE RESULTS COMPANIES, LLC, | ) ) | JURY DEMANDED |
| Defendant. | ) | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs, Tina Harden and Chamille Bagby, individually and on behalf of all other persons similarly situated, known and unknown, through their attorneys, complain against Defendant The Results Companies, LLC ("Defendant"), as follows:

## NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA"), for Defendant's failure to pay Plaintiffs and other similarly situated persons all earned regular and overtime pay for all time worked.

2. Defendant manages, controls and operates customer service call centers within this judicial district and manages and controls the telephone-based workers who are the putative collective and class members in this lawsuit.

3. Defendant knowingly required and/or permitted Plaintiffs, who worked as telephone-dedicated employees, and other similarly situated telephone-dedicated employees working at all of Defendant's call centers, to perform unpaid work before the start times of their

shifts, including but not limited to booting up computers, logging in to Defendant's computer network, initializing several software programs, reading company issued emails and instructions.

4. The amount of uncompensated time Plaintiffs and those similarly situated to them spend or have spent on these required and unpaid work activities averages approximately fifteen minutes per day per person.

5. Plaintiffs bring their FLSA overtime claims as a collective action pursuant to 29 U.S.C. 216(b) on behalf of telephone dedicated employees who worked for Defendant in the United States. Plaintiffs brings their IMWL overtime claims and IWPCA unpaid wage claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Illinois telephone dedicated employees.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over Plaintiffs' FLSA claims in this action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. This Court has supplemental jurisdiction over all class claims in this action under 28 U.S.C. § 1367.

## THE PARTIES

8. Plaintiff Tina Harden is an individual who Defendant employed from approximately June 2014 to approximately November 18, 2016 as an hourly, non-exempt telephone dedicated employee in Defendant's call center in Streator, Illinois. Plaintiff Harden resides in and is domiciled within this judicial district.

9. Plaintiff Camille Bagby is an individual who Defendant employed from approximately May 2016 to approximately March 2017 as an hourly, non-exempt telephone dedicated employee in Defendant's call center in Streator, Illinois. Plaintiff Bagby resides in and is domiciled within this judicial district.

11. Defendant The Results Companies, LLC is a Florida corporation qualified to do business in Illinois. Defendant's principal Illinois office is located in Streator, Illinois with its registered agent located in Springfield, Illinois.

12. According to Defendant's website, it provides "premier contact center customer service and sales solutions, all backed by the best technology in the business."

13. Defendant issued paychecks to Plaintiffs and the similarly situated employees.

14. Defendant employed Plaintiffs and other similarly situated persons as "employees," as that term is defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e), Section 3(d) of the IMWL, 820 ILCS § 105/3(d), and Section 2 of the IWPCA, 820 ILCS § 115/2.

15. At all relevant times, Defendant was an "employer" of Plaintiffs and other similarly situated persons, as that term is defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d), Section 3(c) of the IMWL, 820 ILCS § 105/3(c), and Section 2 of the IWPCA, 820 ILCS § 115/2.

## FACTUAL ALLEGATIONS

### A. *Defendant's Practice of Requiring and/or Permitting Telephone-Based Hourly Employees to Work Before the Start of Their Scheduled Shift Time*

16. Defendant operates and has operated "call centers" in Streator, Illinois, Ottawa, Illinois and throughout the United States including Alabama, Arizona, Florida, Kansas, Missouri, Pennsylvania, Texas, Virginia, and West Virginia where telephone-based employees similar to Plaintiffs handle phone calls regarding companies' customer service and sales issues.

17. Defendant operates its call centers in a uniform manner with the same policies and procedures regardless of the call center. The same employee handbook and the same time and attendance and punctuality policies apply regardless of the location where the telephone dedicated employee works.

18. Defendant's website states that it provides "premier contact center customer service and sales solutions, all backed by the best technology in the business."

19. Defendant's website boasts that it provides its customer service representatives with "our comprehensive, industry-leading training curriculum." The website further states that Defendant's "agents receive the most up-to-date information and learn standard operating procedures."

20. Defendant requires all of its agents "to pass a skills certification test."

21. Defendant operates its call centers in a uniform manner so that, among a multitude of reasons, a call may be handled at multiple locations thereby allowing Defendant to continue to service its customers even in the event that, for example, bad weather forces a particular call center to be closed.

22. Defendant earns revenue from the services of Plaintiffs and other similarly situated telephone-dedicated employees.

23. Prior to starting work on the call center floor, Plaintiffs and other similarly situated telephone-based employees were and are interviewed by employees and managers of Defendant.

24. Defendant has the power to hire and fire Plaintiffs and other persons similarly situated.

25. Defendant scheduled Plaintiffs Harden and Babgy and other persons similarly situated to eight hours of work typically beginning at 7:00a.m., 7:30a.m., 8:00a.m. or 8:30a.m. with a 30-minute unpaid lunch break each day.

26. At the Streator, Illinois call center where Plaintiffs worked, managers Defendant employed were always working on the floor of the call center during the workday, managing the work activities of Plaintiffs and other similarly situated persons.

27. Defendant does not allow telephone-based employees to use Defendant's phones and computers for any personal use. Additionally, Defendant generally prohibits and does not allow telephone-based employees to use their own personal cell phones on the call center floor. Under Defendant's policies and practices, telephone-based employees are required to store their personal cell phones during the work-day and can generally only use them on breaks and off the call center floor.

28. At the Streator, Illinois call center where Plaintiffs worked, Defendant's managers, consistent with Defendant's uniform policy, instructed and directed Plaintiffs and similarly situated telephone-based employees not to log into Defendant's timekeeping system prior to their scheduled shift start time.

29. At the Streator, Illinois call center where Plaintiffs worked, Defendant's managers on the call center floor could and did regularly see with their own eyes that Plaintiffs and similarly situated telephone-based employees arrived at their work stations before the start of their scheduled shift time, logged into Defendant's computers, and began working on their computers prior to the start of their scheduled shift time and while off-the-clock.

30. Despite seeing and knowing that Plaintiffs and similarly situated telephone-based employees performed work at their workstations prior to their scheduled shift start time and while off-the-clock, Defendant and its managers on the floor of the call center did not make any effort to stop or otherwise disallow this pre-shift work and instead allowed and permitted it to happen.

31. Defendant possesses, controls and/or has access to information and electronic data that shows the times Plaintiffs and similarly situated telephone-based employees logged into Defendant's computer network and their computers each day as well as the time they logged into their telephone systems.

32. By possessing, controlling and/or accessing this information, Defendant knew that Plaintiffs and similarly situated telephone-based employees worked prior to the start of their scheduled shift time and while off-the-clock.

33. Despite having this information and knowing that Plaintiffs and similarly situated telephone-based employees logged into their computers, initialized necessary software programs, and read company issued emails and instructions prior to the start of their scheduled shift time and while off-the-clock, Defendant did not make any effort to stop or otherwise disallow this unpaid pre-shift work and instead allowed and permitted it to happen.

34. Defendant knowingly required and/or permitted Plaintiffs and those similarly situated to them to perform unpaid work before the start of their shift, including but not limited to booting up computers, logging in to Defendant's computer network, initializing several software programs, and reading company issued emails and instructions prior to the start of their scheduled shift time.

35. Despite having actual and/or constructive knowledge that Plaintiffs and those similarly situated to them performed the computer initialization activities and other related pre-shift work tasks, Defendant intentionally refused to pay Plaintiffs and those similarly situated to them for the time spent performing these work activities.

36. The amount of uncompensated time Plaintiffs and those similarly situated to them spend or have spent on these required and unpaid work activities averages approximately fifteen minutes per day per person.

37. Defendant monitored and directed the work activities of Plaintiffs and other similarly situated persons, including the unpaid work at issue.

    **B.**    ***Defendant Knew of and Assented to the Pre-Shift Work***

38. Defendant's policy and practice permits and/or requires telephone-based employees at all of Defendant's call centers to be logged into their phones and be available to handle a call at the employee's scheduled start time.

39. In order to be logged into Defendant's telephone systems, Defendant required and/or permitted Plaintiffs and similarly situated telephone-based employees to arrive at their workstation prior to their scheduled shift time and boot up computers, initialize several software programs, and read company emails and instructions while off-the-clock.

40. Defendant's policy and practice is to discipline telephone-based employees if they are not logged into their phones and ready to handle calls by the start of their scheduled shift time.

41. This policy and practice of Defendant results in telephone-based employees, including the Plaintiffs, to boot up their computers, log in to Defendant's computer network, initialize several software programs and/or read company emails and instructions prior to their start of their scheduled shift time and while off-the-clock.

42. As set forth herein, via its policies and practices and through its own telephone and computer systems, Defendant knew and was aware that the telephone-based employees performed work prior to the start of their scheduled shift and while off-the-clock.

43. Defendant did not instruct Plaintiffs and similarly situated telephone-based employees to not log into their computers or telephones, or to not read company emails prior to the start of their scheduled shift time. Rather, Defendant required, permitted and/or allowed Plaintiffs and the putative collective and class members to work prior to their scheduled shift time and while off-the-clock.

44. By knowing of, permitting and/or requiring Plaintiffs and similarly situated telephone-based employees to log into their computers, initialize their various software programs

7

and/or read company email and instructions prior to the start of their scheduled shift time and while off-the-clock, Defendant assented to them performing this unpaid work.

### C. *Defendant's Failure to Pay Regular and/or Overtime Wages to Its Telephone-Based Hourly Employees*

45. Defendant determined the rate of pay for Plaintiffs other similarly situated persons.

46. Defendant's managers reviewed and approved the timesheets of Plaintiffs and other similarly situated persons before Defendant paid them.

47. Defendant supervised and controlled the work schedule of Plaintiffs and other similarly situated persons.

48. Plaintiffs and those employees similarly situated are individuals who were, or are, employed by Defendant in customer service and similar positions at Defendant's call centers who were not paid for some or all of their work activities prior to the beginning of their shifts.

49. Plaintiffs and the other employees are similarly situated to one another because their duties consisted primarily of handling phone calls regarding customer service and related issues while working in Defendant's call centers. Plaintiffs and others similarly situated all shared similar policies, job titles, job descriptions, training, and job duties and compensation, among other things.

50. Plaintiffs and the other employees are also similar because Defendant did not pay them for all time they worked. Defendant knowingly required Plaintiffs and the similarly situated individuals to perform unpaid work before their scheduled shifts, including but not limited to booting-up computers, logging in to Defendant's computer network, initializing several software programs, reading company emails and instructions, and completing customer service calls.

51. The net effect of Defendant's policies and practices, instituted and approved by company managers, is that Defendant willfully failed to pay regular and overtime compensation to Plaintiffs and others similarly situated, and willfully failed to keep accurate time records to save

payroll costs.  Defendant thus enjoyed ill-gained profits at the expense of its hourly employees.

52. Plaintiffs and others similarly situated at times work or worked in excess of forty hours per week for Defendant in a given workweek.

53. Defendant's policy and practice of requiring and/or permitting its employees, including Plaintiffs and other non-exempt, hourly employees, to perform work without pay for such work performed, violates Section 6 of the FLSA, 29 U.S.C. § 206, Section 4 of the IMWL, 820 ILCS § 105/4, and Section 4 of the IWPCA, 820 ILCS § 115/4.

54. Defendant's policy and practice of requiring its employees to perform work without pay in many instances has caused and continues to cause Plaintiffs and certain other similarly situated hourly employees to work in excess of forty hours per week, without being properly compensated at a wage of 1.5 times their respective hourly rate for such work performed, as required by Section 7 of the FLSA, 29 U.S.C. § 207, and Section 4a of the IMWL, 820 ILCS § 105/4a.

55. Defendant's failure to compensate its non-exempt, hourly call center employees with the full amount of the applicable regular wage or overtime wage has caused Plaintiffs and other similarly situated non-exempt call center employees to suffer harm.

56. Defendant's non-exempt, call center hourly employees are entitled to compensation for all time they worked without pay in any given workweek.

### D. *Defendant's Failure to Pay Agreed-Upon Hourly Rates For Work To Which Defendant Assented*

57. At all times relevant hereto, Defendant paid, and agreed to pay, Plaintiffs and similarly situated employees in Illinois more than the federal and state minimum wage.

58. For example, Defendant agreed to pay Plaintiff Harden around the time she stopped working for Defendant $9.00 per hour for all work Defendant permitted and/or required of her,

which is more than the applicable federal and state minimum wage.

59. For example, Defendant agreed to pay Plaintiff Bagby $10.75 per hour for all work Defendant permitted and/or required of her, which is more than the applicable federal and state minimum wage.

60. At all times relevant hereto, Defendant agreed to pay Plaintiffs and a class of similarly situated Illinois employees more than the state minimum wage for all work permitted and/or required by Defendant.

61. At all times relevant hereto, Defendant agreed to compensate its hourly employees for all "work" that Defendant required and/or permitted.

62. Booting up computers, logging in to Defendant's computer network, initializing several software programs, reading company email or instructions, and completing customer service calls is "work" for which Plaintiffs and similarly situated Illinois employees are entitled to their agreed-upon rate of pay.

63. Despite its agreement to pay Plaintiffs and similarly situated Illinois employees more than the statutory minimum wage for their work, and despite assenting to the work described herein, Defendant did not pay Plaintiffs and certain other similarly situated Illinois employees their agreed-upon rate for performing all work permitted, required and/or assented to by Defendant. This work includes the time spent logging in to Defendant's computer network, booting up their computers, initializing their software programs for their calls, and reading company email and instructions prior to the start of their scheduled shift time.

64. Defendant's failure to compensate Plaintiffs and other similarly situated Illinois employees at their agreed-upon wage for work they permitted, required and/or assented to has caused Plaintiffs and other similarly situated employees to suffer harm.

**COLLECTIVE ACTION ALLEGATIONS**

65. Plaintiffs bring Count I of this Complaint as a collective action on behalf of themselves and all other current and former hourly employees of Defendant who Defendant required to perform the work described herein without pay.

66. Plaintiffs' Counsel seek to send notice of this lawsuit to the following described persons:

> All persons who worked for Defendant as telephone-dedicated employees, however titled, and who were compensated, in part or in full, on an hourly basis throughout the United States at any time between October 31, 2016 and the present who did not receive the full amount of overtime wages earned and owed to them.

67. There are questions of law or fact common to the employees described in paragraph 66.

68. Plaintiffs are similarly situated to the employees described in paragraph 66, as Plaintiffs' claims are typical of the claims of those persons.

69. Plaintiffs' claims or defenses are typical of the claims or defenses of the persons described in paragraph 66.

70. This is not a collusive or friendly action. Plaintiffs have retained counsel experienced in complex employment litigation, and Plaintiffs and their counsel will fairly and adequately protect the interests of the persons described in paragraph 66.

71. A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count I.

72. At all relevant times, Defendant employed Plaintiffs and the persons described in paragraph 66.

**CLASS ACTION ALLEGATIONS**

73. Plaintiffs bring Counts II and III as a class action pursuant to Fed. R. Civ. P. 23 on

behalf of themselves and all other current and former hourly employees of Defendant who Defendant required to perform the work described herein without pay.

74. With respect to Plaintiffs' IMWL claims, Plaintiffs seek to represent a class that is comprised of and defined as:

> All persons who worked for Defendant as telephone dedicated employees, however titled, who were compensated, in part or in full, on an hourly basis in Illinois at any time between October 31, 2016 and the present who did not receive the full amount of overtime wages earned and owed to them (the "IMWL Class").

75. With respect to Plaintiffs' IWPCA claim, Plaintiffs seek to represent a class that is comprised of and defined as:

> All persons who worked for Defendant as telephone dedicated employees, however titled, who were compensated, in part or in full, on an hourly basis in Illinois at any time between October 31, 2009 and the present whose hourly rate exceeded the applicable Illinois minimum wage and who did not receive the full amount of wages earned and owed to them (herein the "IWPCA Class").

76. This action is being brought as a class action pursuant to Fed. R. Civ. P. 23, because the IMWL Class and IWPCA Class are so numerous that joinder of all class members is impracticable.

77. Plaintiffs and the members of the IMWL and IWPCA Classes have been equally affected by Defendant's practice of not compensating employees for all time worked.

78. Plaintiffs and the members of the IMWL and IWPCA Classes have been equally affected by Defendant's failure to pay all earned wages to Plaintiffs and the class members.

79. Furthermore, members of the IMWL and IWPCA Classes still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

80. The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations that may exist between members of the Classes, if any.

81. Plaintiffs and the members of the IMWL and IWPCA Classes, as well as Defendant,

have a commonality of interest in the subject matter and the remedy sought.

82. Plaintiffs are able to fairly and adequately represent and protect the interests of the members of the IMWL and IWPCA Classes. Plaintiffs' Counsel are competent and experienced in litigating large wage and hour and other employment class actions.

83. If individual actions were required to be brought by each member of the Classes injured or affected, the result would be a multiplicity of actions, creating a hardship to the members of the IMWL and IWPCA Classes, to the Court, and to Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Classes are entitled.

84. Plaintiffs have retained counsel experienced in complex employment litigation and in class action litigation.

85. Plaintiffs and their counsel will fairly and adequately protect the interest of both classes.

## COUNT I – FLSA
### (Failure to Pay Overtime Wages)

86. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 72 as paragraph 86 of this Count I.

87. Plaintiffs, individually and on behalf and the members of the class described in paragraph 66, assert claims for unpaid overtime pursuant to the FLSA.

88. At any and all times relevant hereto, Defendant was an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

89. At any and all times relevant hereto, Defendant was an "employer" of Plaintiffs and the members of the collective described in paragraph 66 within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

90. At any and all times relevant hereto, Plaintiffs and the members of the collective described in paragraph 66 were "employees" of Defendant as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

91. Plaintiffs and the members of the collective described in paragraph 66 were not paid for all time worked in excess of 40 hours in a week during the applicable statutory time period, in violation of the maximum hours provisions of the FLSA, 29 U.S.C. § 207.

92. At all times relevant hereto, Defendant's failure to pay Plaintiffs and the members of the class described in paragraph 66 premium pay for all time worked over 40 hours in a week was willful in that, among other things:

   a. Defendant knew that the FLSA required them to pay time and one-half for all time worked over 40 hours in a week;

   b. Defendant failed to maintain true and accurate time records; and

   c. Defendant encouraged Plaintiffs and the members of the class described in paragraph 66 to not record all time worked.

93. As a direct and proximate result thereof, Plaintiffs and the members of the collective described in paragraph 66 are due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorneys, demand judgment against Defendant and in favor of Plaintiffs and all others similarly situated in a sum that will properly, adequately and completely compensate them for the nature, extent and duration of their damages, the costs of this action and as follows:

   a. That the Court determine that this action may be maintained as a collective action.

   d. Declare and find that the Defendant committed one or more of the following acts:

      i. Violated provisions of the FLSA for Plaintiffs and all persons who opt-in as party plaintiff; and

      ii. Willfully violated provisions of the FLSA for Plaintiffs and all persons who opt-in as party plaintiff.

e. Award compensatory damages, including all wages and overtime pay owed, in an amount according to proof;

f. Award liquidated damages on all wages and overtime compensation due to Plaintiffs and all persons who opt-in as party plaintiffs;

g. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

h. Grant leave to amend to add claims under applicable state and federal laws to conform with the proofs at trial;

i. Grant leave to add additional plaintiffs by motion or any other method approved by the Court to conform with the proofs at trial; and

j. Grant such further relief as the Court deems just and equitable.

## COUNT II – ILLINOIS MINIMUM WAGE LAW
**(Failure to Pay Earned Overtime Wages)**

94. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 64 and 73 through 85 as paragraph 94 of this Count II, as if fully set forth herein.

95. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

96. The matters set forth in this Count II arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS § 105/4a. Plaintiffs bring this action on their own behalf and on behalf of the members of the IMWL Class pursuant to 820 ILCS § 105/12(a).

97. Defendant employed Plaintiffs and other similarly situated telephone-dedicated workers as "employees," as the term "employee" is defined Section 3(d) of the IMWL, 820 ILCS § 105/3(d).

98. At all relevant times, Defendant was an "employer" of Plaintiffs and other similarly

situated telephone-dedicated workers, as the term "employer" is defined by Section 3(c) of the IMWL, 820 ILCS § 105/3(c).

99. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiffs and the members of the IMWL Class worked in excess of forty (40) hours, Plaintiffs and members of the IMWL Class were entitled to be compensated at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

100. Defendant did not pay Plaintiffs and members of the IMWL Class one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

101. Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs and the members of the IMWL Class at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

102. Pursuant to 820 ILCS § 105/12(a), Plaintiffs and the members of the IMWL Class are entitled to recover statutory penalties in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiffs and the members of the IMWL Class pray for a judgment against Defendant as follows:

    b. That the Court determine that this action may be maintained as a class action.

    c. A judgment in the amount of one and one-half times Plaintiffs' and the members of the IMWL Class' regular rate for all time they worked in excess of forty (40) hours per week;

    d. Statutory damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

    e. Reasonable attorneys' fees and costs incurred in filing this action; and

    f. Such other and further relief as this Court deems appropriate and just.

**COUNT III – ILLINOIS WAGE PAYMENT AND COLLECTION ACT**
**(Failure to Pay the Agreed Upon Rate For Work Assented to by Defendant)**

103.     Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 64 and 73 through 85 as paragraph 103 of this Count III as if fully set forth herein.

104.     Plaintiffs, individually and on behalf of all others similarly situated, bring this Count III to recover from Defendant unpaid wages, overtime compensation, statutory penalties, attorneys' fees, and costs, pursuant to Section 14(a) of the Illinois Wage Payment and Collection Act, 820 ILCS § 115/14(a).

105.     At all times relevant, and at Defendant's request, Plaintiffs and the members of the putative IWPCA Class performed work for Defendant.

106.     As set forth *supra*, Defendant assented to pay Plaintiffs and the members of the putative IWPCA Class at an agreed-upon hourly rate at or in excess of the applicable Illinois Minimum Wage Law hourly rate, for all work Defendant permitted and/or required.

107.     As set forth *supra*, Defendant assented to the hourly employees performing the work described above by, among other means, Defendant's knowledge and awareness of the pre-shift work described herein.

108.     Defendant regularly observed, without objection or negative comment, the record and documentation of having Plaintiffs and the members of the putative IWPCA Class perform work prior to the start of their scheduled shift time.

109.     During the course of their employment with Defendant, Plaintiffs and similarly situated Illinois employees had an agreement with Defendant within the meaning of the IWPCA to be compensated for all time worked at the rates agreed to by the parties.  Defendant did not pay Plaintiffs or similarly situated Illinois employees for all hours worked at the rates agreed to by the parties as described herein.

110.     Plaintiffs and the putative IWPCA Class members were entitled to be paid for all

time worked at the rate agreed to by the parties.

111.    When Defendant hired Plaintiffs and the members of the putative IWPCA Class and advised them of the specific hourly rate they would be paid, Defendant did not inform Plaintiffs and the members of the putative class that they would not be paid for all the work Defendant required and/or permitted.

112.    Defendant has failed to pay Plaintiffs and the members of the putative IWCPA Class the full amount due for all time worked on their regularly scheduled paydays, including but not limited to their final compensation, because Defendant did not pay them for the work described herein, in violation of the IWPCA, 820 ILCS § 115/4.

113.    Defendant has failed to pay Plaintiffs and the putative IWPCA Class the full amount for all hours worked because of the improper practices described herein.

114.    Illinois Statutes 820 ILCS §§115/1 *et seq*. defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the two parties…".

115.    Under the IWPCA, payment to separated employees is termed "final compensation" and is defined as "wages, salaries, earned commissions, earned bonuses…and any other compensation owed the employee by the employer pursuant to any employment contract or agreement between the two parties." 820 ILCS § 115/2.

116.    Illinois Statutes 820 ILCS §115/4 requires employers to pay employees all wages earned by an employee during a semi-monthly or bi-weekly pay period no later than 13 days after the end of the pay period in which such wages were earned. Illinois Statutes 820 ILCS §115/5 provides that "every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly schedule payday for

such employee."

117. Defendant violated Illinois Statutes 820 ILCS §§115/1 *et seq.* by regularly and repeatedly failing to properly compensate Plaintiffs and the putative IWPCA Class members for the actual time they worked each week within 13 days of the date such compensation was earned and by failing to properly compensate Plaintiffs and the putative IWPCA Class members their rightful wages by the next scheduled payday after their separation.

118. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the putative IWPCA class have suffered and will continue to suffer lost wages and other damages.

WHEREFORE, Plaintiffs and the members of the IWPCA Class pray for a judgment against Defendant as follows:

   a. That the Court determine that this Count III may be maintained as a class action;

   b. A judgment in the amount of all back wages due, as provided by the Illinois Wage Payment and Collection Act;

   c. Statutory damages pursuant to the formula set forth in 820 ILCS § 115/14(a);

   d. Reasonable attorneys' fees and costs incurred in filing this action; and

   e. Such other and further relief as this Court deems appropriate and just.

Dated: October 31, 2019

                                                Respectfully submitted,

                                                /s/ James X. Bormes
                                                One of Plaintiffs' attorneys

| James X. Bormes | Thomas M. Ryan |
|---|---|
| Catherine P. Sons | Law Office of Thomas M. Ryan, P.C. |
| Law Office of James X. Bormes, P.C. | 35 East Wacker Drive |
| 8 South Michigan Avenue | Suite 650 |
| Suite 2600 | Chicago, Illinois 60601 |
| Chicago, Illinois 60603 | 312-726-3400 |
| 312- 201-0575 | tom@tomryanlaw.com |
| jxbormes@bormeslaw.com | |
| cpsons@bormeslaw.com | |